**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 17 2013, 8:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RONALD S. TODD**
Ronald S. Todd, P.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**MARK D. GERTH**
**STEVEN E. SPRINGER**
**MICHAEL WROBLEWSKI**
Kightlinger & Gray, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JEFF CLADE,                                  )
                                             )
    Appellant-Plaintiff,                     )
                                             )
        vs.                               )    No.  49A02-1206-CT-509
                                             )
HUNT CONSTRUCTION GROUP, INC.,               )
                                             )
    Appellee-Defendant.                      )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
Cause No.  49D12-0902-CT-07192

**January 17, 2013**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**BAILEY, Judge**

Jeff Clade ("Clade") was injured on an icy walkway at a construction site where Hunt Construction Group, Inc. ("Hunt") was the construction manager. Clade filed a negligence claim against Hunt and was granted partial summary judgment on the issue of duty, Hunt filed a motion for reconsideration, and the trial court granted Hunt summary judgment. We reversed the trial court's judgment, observing that summary judgment is rarely appropriate in a negligence action and concluding that Hunt had failed to negate the element of duty in Clade's negligence claim, where the summary judgment materials revealed the parties' contracts but not conduct.

Hunt petitions for rehearing, contending that Clade has "waived the issue" of the existence of a genuine issue of material fact as to Hunt's assumption of duty by conduct. We write to clarify that, while the issue for resolution is the propriety of summary judgment, and the trial court and this Court have specifically focused upon the element of duty, the concern with how a duty might arise is hardly novel. Indeed, Hunt asked the trial court's reconsideration of its partial summary judgment order on the basis of Hunt Constr. Grp., Inc. v. Garrett, 964 N.E.2d 222 (Ind. 2012), which thoroughly examined how a duty might arise in a construction context.

The Court in Garrett derived from Plan-Tec, Inc. v. Wiggins, 443 N.E.2d 1212 (Ind. Ct. App. 1983) an appropriate "template" for analyzing a claim of negligence against a construction manager for jobsite injuries suffered by a subcontractor's employee. Garrett, 964 N.E.2d at 226. The duty inquiry is two-fold. Whether a construction manager owes an employee a legal duty of care for jobsite-employee safety requires answering: (1) whether a

duty was imposed upon the construction manager by a contract to which it was a party; and (2) whether the construction manager assumed such a duty, either gratuitously or voluntarily.

Id.

Having asked the trial court to apply the rationale of Garrett, and thereby raising for the trial court's consideration the question of assumption of duty by conduct, Hunt may not now seek to exclude this concept from our examination of the element of duty and ultimately the propriety of summary judgment. Accordingly, we affirm our prior opinion.

Crone, J., concurs.

Riley, J., would deny.